United States District Court
Southern District of Texas
**ENTERED**
June 28, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ADRIANNE ARCHER GRAVES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-00947 |
| | § | |
| METROPOLITAN LIFE INSURANCE | § | |
| COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM & ORDER

This is a dispute over proceeds of the life insurance policy of Decedent Timothy Howick. Plaintiff Adrianne Graves, the Dependent Administrator of Timothy Howick's Estate contends that the Estate was entitled to the proceeds. Defendant and Cross Claimant Christopher McAtamney, the former spouse of Timothy Howick, contends that he was so entitled. Both Metlife and Marilyn Howick, Timothy Howick's mother, contend that Ms. Howick is entitled to these benefits. Graves, McAtamney, Marilyn Howick, and MetLife are all parties to this suit.

Several Motions are currently pending:

- Both Graves and McAtamney have filed Motions to Remand. ECF No. 7; No. 4:23-cv-01447 ECF No. 4. These Motions are **DENIED**.

- MetLife and Marilyn Howick have each filed Motions to Dismiss. ECF Nos. 5, 21. These Motions are **GRANTED**.

- Graves has filed a Motion for Leave to Amend. ECF No. 8. This Motion is **GRANTED**. As discussed below, the Proposed Second Amended Petition that Graves previously submitted, ECF No. 6, would be futile. However, Graves may, if she chooses, file a new Amended Complaint no later than July 28, 2023.

1

## I.     BACKGROUND

In 2014, Timothy Howick was employed by Delphi Automotive and held a life insurance policy through Delphi with Sun Life Financial. ECF No. 1-2 ¶ 10. His then-spouse, Christopher McAtamney, was the designated beneficiary. *Id.*

In 2015, MetLife bought Sun Life Financial. *Id.* ¶ 11. During the same year, Timothy Howick's employment with Delphi was terminated, and the life insurance policy was automatically ported. *Id.* ¶ 11. When the policy was ported, he no longer had an active beneficiary designation on file with MetLife. *Id.*

Timothy Howick and Christopher McAtamney divorced in 2021. ECF No. 1-2 at 11.

Timothy Howick died intestate on January 27, 2022. ECF No. 1-2 ¶ 8. A year later, Adrianne Graves was appointed and qualified as Dependent Administrator of Timothy Howick's estate. *Id.* ¶ 9.

McAtamney, the previous beneficiary, submitted a claim to MetLife for the life insurance proceeds. *Id.* ¶ 13. The claim was denied, and McAtamney appealed. *Id.* Subsequently, on February 27, 2023, Graves submitted a claim to MetLife on behalf of the Estate. *Id.* ¶ 14.

On March 23, 2023, MetLife sent a letter to both Graves and McAtamney's attorney explaining that both claims were denied because a third-party claimant instead was eligible to receive the proceeds of the police. *Id.* ¶ 15; *see id.* at 13-15 (Letter). In MetLife's view, this accorded with the Plan's provision that stated:

> If there is no beneficiary at Your death for any amount of benefits payable because of Your death, that amount will be paid to one or more of the following persons who are related to You and who survive You:
>
> (a) Spouse;
>
> (b) child;
>
> (c) parent;

> However, we may instead pay all or part of that amount to Your estate. Any payment will discharge Our liability for the amount so paid.

ECF No. 1-2 at 14. Further, MetLife reasoned that McAtamney did not qualify as a "Spouse" under this provision because of the Definition section, which stated: "'Spouse' means Your lawful Spouse." *Id.* Thus, the letter explained: "Since Christopher McAtamney is a former Spouse, and thus not a current lawful Spouse, he would not be eligible to receive benefits under the terms of the Plan." *Id.* Finally, the Letter explained that the Estate did not receive the benefits "[s]ince there is a party who is eligible prior to the Estate." *Id.* at 15.

On March 6, 2023, Adrianne Graves filed a Petition in Harris County Probate Court. ECF No. 1-1. She amended the Petition on March 8, 2023. ECF No. 1-2. She seeks (1) a declaratory judgment that the Estate is the proper beneficiary of the life insurance policy, ECF No. 1-2 at 17-19; and (2) injunctive relief, including a temporary and permanent injunction, to restrain MetLife from distributing the proceeds of the Policy until the Court decides who is the rightful beneficiary. *Id.* ¶¶ 20-31. The Probate Court issued a TRO which expired on April 4, 2023. ECF No. 1-3. On March 15, 2023, MetLife filed a Notice of Removal. ECF No. 1.

On March 31, 2023, MetLife filed a Motion to Dismiss. ECF No. 5. Graves responded, ECF No. 9, and MetLife replied, ECF No. 14.

On April 5, 2023, Graves filed a Second Amended Petition. ECF No. 6. She later moved for leave to file this Petition. ECF No. 8. MetLife opposed the Motion for Leave. ECF No. 12.

On April 14, 2023, in the same Probate case, McAtamney filed a Cross-Claim for Declaratory Judgment and Original Petition for Qualified Domestic Relations Order. No. 4:23-cv-01447, ECF No. 1-1. MetLife again filed a Notice of Removal. No. 4:23-cv-01447, ECF No. 1. MetLife subsequently filed an Unopposed Motion to Consolidate, and the court consolidated the two actions on April 27, 2023.

On April 20, 2023, Graves filed a Motion to Remand. ECF No. 7. On May 1, 2023, McAtamney filed a Motion to Remand. No. 4:23-cv-01447, ECF No. 4.[1] MetLife opposed both Motions to Remand. ECF Nos. 18, 20.

Finally, on May 23, 2023, Marilyn Howick filed a Motion to Dismiss based on lack of personal jurisdiction. ECF No. 21. No party responded to this Motion.

## II.   ANALYSIS

### A.  Motions to Remand (ECF No. 7; No. 4:23-cv-01447, ECF No. 4)

The first question is whether removal was proper. It was. Thus, both Motions to Remand are **DENIED**.

#### 1.  Graves's Motion to Remand (ECF No. 7)

Graves offers two arguments in support of remand. First, she argues that Defendant Christopher McAtamney's consent was required for removal. Second, she argues that this Court lacks subject-matter jurisdiction. Neither argument is persuasive.

***First,*** Graves argues that Christopher McAtamney's consent was required for removal. It is true that McAtamney did not consent to removal. But Graves is incorrect that McAtamney's consent was needed.

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(a)(2)(A). If not all defendants consent to removal, removal is defective. *Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs*., 925 F.2d 866, 871 (5th Cir. 1991).

"There is an exception to this general rule," which is that "'[n]ominal' or 'formal' parties need not join in the removal petition." *Id.* "To establish that non-removing parties are nominal

---

[1] The Motion was filed after the Court issued an Order to Consolidate but before that Order was docketed, so McAtamney's Motion to Remand was filed under the previous case number.

parties, "the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court." *Id.* (cleaned up). "The test established by our circuit is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (cleaned up). "In making this determination, the district court is obliged to resolve any contested issues of material fact, and any ambiguity or uncertainty in the controlling state law, in the plaintiff's favor." *Id.* (cleaned up).

Here, there is no reasonable basis to predict that Graves might be able to recover against McAtamney. She alleges that the Estate is entitled to the policy benefits and the MetLife improperly paid those benefits to Marilyn Howick. McAtamney also contends that he is entitled to these benefits.  But Graves's claim is against MetLife, not against McAtamney, and she could not reasonably recover from McAtamney. Thus, his consent is not needed for removal.

***Second,*** Graves argues that the Court lacks subject-matter jurisdiction because diversity is lacking. But federal-question jurisdiction exists, so diversity among the parties is unnecessary.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Graves brings state-law claims only. Normally, "a defendant may not generally remove a case to federal court unless the *plaintiff's* complaint establishes that the case arises under federal law." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (cleaned up).

There is an exception to this rule "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Id.* (citation omitted). Such cases are removable

because "when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 207-08 (cleaned up).

"ERISA is one of these statutes" that can completely displace a state-law cause of action. *Id.* at 208. ERISA aims "to provide a uniform regulatory regime over employee benefit plans," and thus "includes expansive pre-emption provisions . . . , which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." *Id.* (cleaned up).

"The language of the ERISA preemption clause is deliberately expansive, and has been construed broadly by federal courts." *Hubbard v. Blue Cross & Blue Shield Ass'n*, 42 F.3d 942, 945 (5th Cir. 1995). ERISA preempts state law claims that "relate to any employer benefit plan," 29 U.S.C. § 1144(a), and "[a] state cause of action relates to an employee benefit plan whenever it has a connection with or reference to such a plan." *Hubbard*, 42 F.3d at 945 (cleaned up).

Under ERISA, "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). As Graves acknowledges, this provision, "by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action." *Giles v. NYLCare Health Plans, Inc*., 172 F.3d 332, 337 (5th Cir. 1999). So, if a plaintiff brings a state-law claim that seeks the same relief that would be available under ERISA, the state-law claim is pre-empted.

Such is the case here. Graves seeks (1) a declaratory judgment that the Estate is the proper beneficiary of the life insurance policy, ECF No. 1-2 at 17-19; and (2) injunctive relief, including a temporary and permanent injunction, to restrain MetLife from distributing the proceeds of the

Policy until the Court decides who is the rightful beneficiary. *Id.* ¶¶ 20-31. This is the same type of relief that is available under ERISA: it is essentially an action to recover benefits, which ERISA authorizes. *See* 29 U.S.C. § 1132(a)(1)(B).

Graves suggests that complete preemption does not exist because she seeks relief that is not authorized under ERISA. Specifically, Texas Insurance Code § 542.058(c) provides: "A life insurer that receives notice of an adverse, bona fide claim . . . shall pay the claim or properly file an interpleader action and tender the benefits into the registry of the court." Graves contends that the relief she seeks—an order requiring MetLife to file the interpleader action and tender the benefits into the registry of the Court—is not available relief under ERISA.[2]

Regardless of the mechanism that Graves seeks to invoke, the fundamental nature of Graves's claim remains a claim to recover the benefits of an ERISA plan. Although the interpleader action is a mechanism to ultimately recover those benefits, the ultimate relief—the payment of those benefits—is "the same relief" that ERISA authorizes. *Giles*, 172 F.3d at 337

In other cases, the Fifth Circuit has looked at the "essence of the complaint" to figure out whether a plaintiff's state law claim seeks relief that ERISA authorizes. In *Brown v. Southwestern Bell Telephone Co.*, 901 F.2d 1250 (5th Cir. 1990), the Fifth Circuit explained that "removal was proper" when a plaintiff brought state-law claims for the intentional infliction of emotional distress because "the essence of his complaint was that he was discharged without just cause . . . and that his claim for ERISA benefits was wrongfully denied." *Id.* at 1254. The Fifth Circuit reasoned that "[i]t is well settled that both sorts of claims, no matter how characterized by the plaintiff, in fact are "necessarily federal in character by virtue of the clearly manifested intent of Congress." *Id.*

---

[2] Although ERISA does not contain the same procedural requirements related to interpleader, "[n]umerous courts have approved the use of Rule 22 interpleader in cases involving competing claims of entitlement to ERISA benefits." *Forcier v. Metropolitan Life Ins. Co.*, 469 F.3d 178, 182 (1st Cir. 2006) (collecting cases).

Because the plaintiff was essentially bringing a claim for benefits under an ERISA plan, ERISA pre-empted the state-law causes of action. This logic applies here.

Thus, this Court has federal-question jurisdiction. There is no need to address diversity jurisdiction. Because McAtamney's consent is not needed and this Court has subject-matter jurisdiction, the Court **DENIES** Graves's Motion to Remand.

### 2.   McAtamney's Motion to Remand (No. 4:23-cv-01447 ECF No. 4)

McAtamney also filed a Motion to Remand. First, he argues that the case must remain in probate court. Second, he contends that there is no diversity jurisdiction because MetLife does business in Texas. Neither argument can succeed.

***First,*** McAtamney argues that the case must remain in probate court. "All probate proceedings must be filed and heard in a court exercising original probate jurisdiction." Tex. Est. Code Ann. § 32.001. The probate exception both "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate" and "precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006).

But the probate exception "does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction." *Id.* The Fifth Circuit has adopted a two-step inquiry to determine whether the probate exception deprives federal courts of jurisdiction. *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013). Courts must ask "(1) whether the property in dispute is estate property within the custody of the probate court and (2) whether the plaintiff's claims would require the federal court to assume in rem jurisdiction over that property." *Id.* "If the answer to both inquiries is yes, then the probate exception precludes the federal district court from exercising diversity jurisdiction." *Id.*

In Texas, "property passing at death pursuant to terms of a contract, such as provided in life insurance policies" is considered a non-probate asset. *Kinder Morgan, Inc. v. Crout*, 814 F. App'x 811, 816 (5th Cir. 2020). Thus, the probate exception does not apply to a life insurance policy such as this. *Id.*

**Second,** McAtamney argues that MetLife does business in Texas, so there is no diversity jurisdiction. This argument confuses personal jurisdiction with citizenship. MetLife is incorporated in New York, and New York is its principal place of business. It is therefore a citizen of New York, even if personal jurisdiction exists in Texas. Regardless, federal question jurisdiction, which does not require diversity, also exists. Thus, McAtamney cannot successfully argue that this Court lacks jurisdiction.

McAtamney's Motion to Remand is **DENIED**.

**B.  MetLife's Motion to Dismiss (ECF No. 5)**

MetLife has filed a Motion to Dismiss, arguing that the Estate is not entitled to the Plan's benefits. ECF No. 5. The Court **GRANTS** this Motion.

As discussed above, the relevant Plan provision is as follows:

> If there is no beneficiary at Your death for any amount of benefits payable because of Your death, that amount will be paid to one or more of the following persons who are related to You and who survive You:
>
> (a) Spouse;
>
> (b) child;
>
> (c) parent;
>
> However, we may instead pay all or part of that amount to Your estate. Any payment will discharge Our liability for the amount so paid.

ECF No. 1-2 at 14.

Graves and MetLife focus on two different aspects of this provision's language. MetLife focuses on the "will" versus "may" distinction. The plan says that MetLife "will" pay the amount

9

to one or more of the individual's spouse, child, or parent, but "may" pay all or part of that amount to the Estate. In MetLife's view, because the "will" language is mandatory, and the "may" language is merely permissive, MetLife must first pay the benefits to an individual in one of the listed categories if such an individual exists.

Graves disagrees. She focuses on two pieces of the provision. First, it states that MetLife "may instead" pay the proceeds to the Estate. Graves argues that the use of the word "instead" means that MetLife may alternatively or as a substitute pay the Estate rather than a listed individual. Second, Graves points to the language that states that MetLife can pay "all or part" of the benefits to the Estate. In Graves's view, this language shows MetLife has discretion in how to appropriate the money—if MetLife must pay the money to a spouse, child, or parent if one existed, then there could not be a circumstance in which MetLife paid part of the money to the Estate.

There are two possible meanings of the provision. Under MetLife's view, the first section means that, when there is no beneficiary, MetLife must pay the benefits to a spouse, child, or parent. If none of these options is possible, MetLife can pay the Estate. Under Graves's view, MetLife may always choose to pay either the Estate or a spouse, child, or parent.

Even if the Court were to adopt Graves's interpretation, Graves would still have no claim. Graves essentially argues that the Plan's language is permissive. But, if this is true, then it would be up to MetLife who to pay (since "may" is discretionary). Because "[a]ny payment will discharge [MetLife's] liability," Graves would still lack any viable claim against MetLife.

But the Court remains unconvinced that Graves offers the better reading of the Plan's language. True, the provision is poorly drafted. But MetLife's is the only interpretation that offers any coherent principle about who MetLife pays. In contrast, Graves's interpretation creates a free-for-all any time that a person has no designated beneficiary.

Under either interpretation, MetLife's payment to Marilyn Howick "discharge[s] [MetLife's] liability for the amount so paid." ECF No. 1-2 at 14. Other courts interpreting comparable plan language have found that such language "imposes no qualifier on the insurer's discretion" and that any proper payment discharges the insurer's liability. *Forcier v. Metropolitan Life Ins. Co.*, 469 F.3d 178, 185 (1st Cir. 2006); *see O'Brien v. Verizon Commc'ns*, No. CV DKC-07-0501, 2008 WL 11509721, at *4 (D. Md. May 23, 2008) (adopting *Forcier*'s analysis). Put differently, no matter whether Graves is correct that the Plan language affords MetLife discretion or whether MetLife is correct that it must pay the listed beneficiaries in descending order, MetLife has nonetheless fulfilled its obligation under the plan. The payment to Marilyn Howick has discharged its liability.

MetLife's Motion to Dismiss is **GRANTED**.

### C.  Marilyn Howick's Motion to Dismiss (ECF No. 21)

Marilyn Howick filed a 12(b)(2) Motion to Dismiss, arguing that there is no personal jurisdiction over her. No party filed a response to the Motion. At the hearing held on June 28, 2023, no party indicated opposition to the Motion.

Marilyn Howick attached a declaration stating that she lived in Texas only from May 2019 until January 2022. ECF No. 21 at 11.  She was moving back to Michigan when her son passed away. The Complaint lacks any allegations that Marilyn Howick personally availed herself of the privileges of conducting activity within Texas.

Marilyn Howick's Motion to Dismiss is **GRANTED**.

### D.  Graves's Motion for Leave to Amend (ECF No. 8)

Graves has filed a Motion for Leave to Amend. ECF No. 8. She has filed a Proposed Second Amended Petition. ECF No. 6.

Rule 15(a) requires a trial court to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a). A court "needs a substantial reason to deny a party's request for leave to amend." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co*., 898 F.3d 461, 477 (5th Cir. 2018) (cleaned up). A court may deny leave to amend if the amendment would be futile. *Id.* at 478. "For futility, an amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Id.* (cleaned up).

Here, Graves's proposed amendment adds a claim against MetLife for violation of Section 542.058 of the Texas Insurance Code. ECF No. 6 ¶¶ 20-22. This claim is based on MetLife's failure to file an interpleader action and tender the benefits into the court registry. *Id.* This amendment is futile. As discussed above, the state law claim is pre-empted by ERISA.

Graves's proposed amendment also adds a claim for conversion against Marilyn Howick. This claim is likewise futile because the Proposed Second Amended Complaint still fails to plead facts that allege that this Court has personal jurisdiction over Marilyn Howick.

Thus, the Proposed Second Amended Petition, ECF No. 6 is **STRICKEN**. Nevertheless, Graves's Motion for Leave to Amend is **GRANTED** in part. Graves may, if she chooses, file an Amended Complaint no later than July 28, 2023.

## III.   CONCLUSION

Both Motions to Remand, ECF No. 7; No. 4:23-cv-01447 ECF No. 4, are **DENIED**. MetLife's and Marilyn Howick's Motions to Dismiss, ECF Nos. 5, 21, are **GRANTED**. Graves's Motion for Leave to Amend, ECF No. 8 is **GRANTED IN PART**. The Proposed Second Amended Petition, ECF No. 6, is **STRICKEN**. Graves may file a new Amended Complaint no later than July 28, 2023.

**IT IS SO ORDERED**.

Signed at Houston, Texas on June 28, 2023.

Keith P. Ellison
United States District Judge